UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BONNIE B., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, Commissioner of )<br>Social Security,[1] )<br>)<br>    Defendant. ) | Case No. 4:22-cv-04188-SLD-JEH |

ORDER

Plaintiff Bonnie B.'s application for disability insurance benefits was denied, as was her request for reconsideration of that decision. Report and Recommendation ("R&R") 1, ECF No. 12. A subsequent hearing before an Administrative Law Judge ("ALJ") resulted in an unfavorable decision, but the case was remanded by the Appeals Council ("AC") due to certain errors. *Id.* A second hearing was held before the same ALJ, Plaintiff's application was again denied, and her request for review by the AC was also denied, making the ALJ's unfavorable decision the final decision of Defendant. *Id.* at 1–2. Plaintiff then timely filed a complaint seeking judicial review of the ALJ's decision. *Id.* at 2.[2] Before the Court are Plaintiff's Memorandum in Support of Reversing and Remanding the ALJ's Decision, ECF No. 6, Commissioner's Brief, ECF No. 9, Plaintiff's Reply Brief, ECF No. 10, and United States Magistrate Judge Jonathan Hawley's R&R, which recommends that Plaintiff's request to reverse and remand Defendant's unfavorable decision be denied. *Id.* at 1.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor.
[2] The R&R contains further detail on the instant case's procedural history. *See* R&R 1–2.

1

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). The district judge considers *de novo* the portions of the recommended disposition that were properly objected to, and may accept, reject, or modify the recommended disposition, or return it to the magistrate judge for further proceedings. *Id.* 72(b)(3). If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has objected to any portion of Judge Hawley's R&R, so the Court reviews it for clear error only. The Court notes that Judge Hawley's review was limited to determining only whether the ALJ applied the correct legal standard and whether the ALJ's decision was supported by substantial evidence. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks omitted). The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted).

After reviewing the R&R, the parties' pleadings, the record, and the applicable law, the Court finds no clear error. Accordingly, the R&R, ECF No. 12, is ADOPTED. The Commissioner's decision denying Plaintiff's application for disability insurance benefits is AFFIRMED. The Clerk is directed to enter judgment and close the case.

Entered this 18th day of March, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE